IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Neal Arthur Herrell,<br><br>   Petitioner,<br><br>v.<br><br>James O'Neil, et al.,<br><br>   Respondents. | No. CV-15-02416-PHX-DJH<br><br>**ORDER** |

   This matter is before the Court on *pro se* Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and the Report and Recommendation ("R & R") by United States Magistrate Judge James F. Metcalf. (Doc. 14). In that R & R, the Magistrate Judge determined that the petition is without merit and therefore recommended that it be denied. Petitioner timely filed "written objections" to the R & R (Doc. 15.) and Respondents filed a response to Petitioner's objections. (Doc. 16).[1]

**A. Standard of Review**

   This Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which" Petitioner is objecting. 28 U.S.C. § 636(b)(1)(C); *see also U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (emphasis added) ("Neither the Constitution nor the statue requires a district judge to

---

[1] Thereafter, Plaintiff impermissibly filed a "Response to Respondent's Response to [his] Objection[]" (Doc. 17). The Court *sua sponte* strikes this document as Fed.R.Civ.P. 72(b)(2) does not allow for such a filing. It only allows for the filing of "specific written objections" to a R & R and a response to those objections. Fed.R.Civ.P. 72(b)(2).

1 review, de novo, findings and recommendations that the parties themselves accept as
2 correct."). A district court, however, "must determine de novo any part of the magistrate
3 judge's disposition that has been *properly objected to*." Fed.R.Civ.P. 72(b)(3). Further, a
4 district court "may accept, reject, or modify, in whole or in part, the findings or
5 recommendations made by the magistrate judge." Fed.R.Civ.P. 72(b)(3); *see also* 28
6 U.S.C. § 636(b)(1)(C).

### B. Analysis

As stated above, Petitioner filed what he titled "written objections" to the R&R. (Doc. 15). Respondents urge the Court to overrule Petitioner's objections because they are not "specific written objections to the proposed findings and recommendations" as Rule 72(b)(2) requires. Specifically, Respondents assert that Petitioner's purported objections "do no more than reiterate *his version* of the facts . . . and make the same general assertions[,]" that are in the Petition. (Doc. 16 at 1:26-28) (emphasis in original). The Court agrees. Petitioner's version of the facts, among other things, omits that he failed to object at re-sentencing when the State again requested a consecutive sentence. (Doc. 13, exh. P at ¶ 4). Moreover, in his objections Petitioner ridicules the Magistrate Judge, among others, as being "mind readers[,]" and  backhandedly states that the R & R's analysis is "absolutely ridiculous."   (Doc. 15 at 3:3; 5 at 5).   These gratuitous comments can hardly be said to be proper, specific objections to the R & R.  Thus, even liberally construing Petitioner's objections, the Court finds that they amount to a general objection of which this Court has no obligation to review. *See Martin v. Ryan*, 2014 WL 5432133, at *2 (D.Ariz. 2014) (citing *See, e.g., Warling v. Ryan*, 2013 WL 5276367, at *2 (D.Ariz. 2013) ("[A] general objection 'has the same effect as would a failure to object.'"). Nonetheless, the Court has reviewed the R & R and the record and agrees with the Magistrate Judge's sound analysis and recommendation.

Accordingly,

**IT IS ORDERED** that Magistrate Judge James F. Metcalf's R & R (Doc. 14) is **accepted** and **adopted** as an order of this Court.

**IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because Petition has not made a substantial showing of the denial of a constitutional right.

**IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action and enter judgment accordingly.

**Dated** this 16th day of September, 2016.

Honorable Diane J. Humetewa
United States District Judge